**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santos Leonel RUBIO–SORIA,**
**Defendant–Appellant.**

No. 01–50275.

D.C. No. CR–00–03562–JTM.

United States Court of Appeals,
Ninth Circuit.

June 10, 2002.*

June 13, 2002.

Before RYMER, T.G. NELSON, and
THOMAS, Circuit Judges.

MEMORANDUM**

Santos Leonel Rubio–Soria appeals his guilty-plea conviction and 8–month sentence for importing marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Rubio–Soria contends that the district court erroneously denied his motion to dismiss the indictment based on his claim that § 960 is unconstitutional after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rubio–Soria further contends that even if § 960 is constitutional, his conviction must be reversed because the government failed to prove beyond a reasonable doubt that he knowingly or intentionally imported a specific quantity of marijuana.

We reject Rubio–Soria's facial constitutional challenge to § 960 because it is foreclosed by our decision in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002) (upholding the constitutionality of 21 U.S.C. § 960 after *Apprendi* ). Rubio–Soria's contention that the government was required to prove his knowledge of drug quantity also fails pursuant to *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002) (concluding that *Apprendi* did not change the rule that the government need not prove defendant's knowledge of type and amount of controlled substance).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.